IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kenneth Eric Dickey, | ) | C/A No.: 3:13-2842-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Staples; Cameron Dixon; Nikia Morris; Marry Griffin; Janet Evans; and Trinita Webster, | ) ) ) ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants. | ) ) | |

In this employment discrimination case, Kenneth Eric Dickey ("Plaintiff") sues his former employer Staples[1] ("Staples") and Staples employees Cameron Dixon, Nikia Morris, Marry Griffin, Janet Evans, and Trinita Webster ("Individual Defendants") (collectively "Defendants"). Plaintiff alleges sex discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the South Carolina Human Affairs Law S.C. Code § 1-13-10, *et seq.* ("SCHAL"). This matter comes before the court on Defendants' motion to dismiss Plaintiff's complaint [Entry #27] and Plaintiff's motion to file a third amended complaint [Entry #37]. These motions having been fully briefed [Entry #36, #38, #39, #40], they are ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.).

---

[1] Defendants assert that Staples Shared Service Center, LLC is the correct name for the corporate defendant.

Because the motion to dismiss is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court grant Defendants' motion to dismiss and deny Plaintiff's motion to amend without prejudice.

I.     Factual Background

Plaintiff filed this action on October 18, 2013. [Entry #1]. In his Second Amended Complaint [Entry #19], Plaintiff alleges that:

- He was sexually harassed (subjected to unwanted sexual advances) by credit Supervisor Nikia Morris from approximately December 16, 2011, through June 21, 2012. *Id*. at 3.

- When he rejected Morris' alleged advances, she "proceeded to take her frustrations out on [him] and encourage[d] her peers to do likewise." *Id*. at 4.

- Morris "aggressively pressed her breast against [him] at the work place" on "at least two separate occasions." *Id*.

- Morris "continued her outward frustrations with an unprovoked verbal assault and humiliating confrontation against" Plaintiff in early April 2012. *Id*.

- On the same day that he was "attacked by Ms. Morris," Team Lead Mary Griffin threatened him twice, telling him that he "had better watch [him]self." *Id*.

- Not long after Morris became his supervisor, Supervisors Janet Evans and Trinita Webster "started to become hostile in [their] actions towards" Plaintiff and for "unknown and unprovoked reasons" targeted him "with personal insults to [his] age [and] what [he] was wearing." *Id*.

- He was discharged on or about June 21, 2012, "in retaliation because [he] refused unwanted sexual advances from Ms. Morris." *Id*. at 3.

Based on these allegations, Plaintiff alleges that he was discriminated against based on his sex and retaliated against for opposing unlawful employment practices.

2

II.     Discussion

    A.     Standard on Motion to Dismiss

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(1) where the court lacks subject-matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(1) examines whether a complaint fails to state facts upon which jurisdiction can be founded.  It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).  Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion.  *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).  Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis of Motion to Dismiss

        1.    Subject Matter Jurisdiction

Defendants first argue that Plaintiff's complaint should be dismissed because Plaintiff did not allege that he exhausted his administrative remedies. [Entry #27-2 at 6]. However, Plaintiff attached to his sur reply his right to sue letter from the Equal Employment Opportunity Commission ("EEOC") dated July 24, 2013. [Entry #40-1]. Therefore, Plaintiff appears to have exhausted his administrative remedies prior to timely filing suit on October 18, 2013.

Defendants also argue that Individual Defendants should be dismissed because neither Title VII nor SCHAL allows for individual liability. It is well established that

Title VII does not impose individual liability on supervisory employees. *See, e.g.*, *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) ("We have expressly held that Title VII does not provide a remedy against individual defendants who do not qualify as 'employers.'"); *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180–81 (4th Cir. 1998) (holding that supervisors cannot be liable in their individual capacity under Title VII). Similarly, in enacting the SCHAL, the legislature specifically noted that: "Nothing in this chapter may be construed to create a cause of action against a person not covered by Title VII . . . if the cause of action arises from discrimination on the basis of . . . sex . . . ." S.C. Code Ann. § 1-13-100.

Because Individual Defendants cannot be held liable under Title VII, they cannot be held liable under SCHAL.[2] *See Orr v. Clyburn*, 290 S.E.2d 804, 806 (S.C. 1982) (recognizing that the SCHAL follows the substantive structure of Title VII and that cases interpreting the provisions of Title VII, which are essentially identical to the Human Affairs Law, are to be given persuasive if not controlling authority); *see also Simpkins v. Patton*, C/A No. 8:06-2137-WMC, 2006 U.S. Dist. LEXIS 83795, at *4–5 (D.S.C. Nov. 16, 2006) ("Because these defendants cannot be held liable for . . . discrimination under Title VII, they cannot be held liable for . . . discrimination under the South Carolina

---

[2] SCHAL states "Any action brought under this chapter shall be promptly dismissed if an action alleging essentially the same facts and seeking relief for the same complainant is brought in any federal court." S.C. Code Ann. § 1-13-90. Other courts in this district have interpreted this provision as prohibiting a plaintiff from pursuing separate cases based on the same claims and seeking the same relief in both state and federal courts and have not barred a Title VII and SCHAL claim from proceeding together in one federal claim. *See Gleaton v. Monumental Life Ins. Co.*, 719 F.Supp.2d 623, 630 (D.S.C. 2010); *Ganaway v. Kyoto Highway 7, Inc.*, C/A No. 2:11-2959-RMG, 2012 WL 1354465 *2 (D.S.C. April 18, 2012).

Human Affairs Law."). Therefore, the undersigned recommends Individual Defendants be dismissed with prejudice.[3]

    2.    Sexual Harassment Claims

Plaintiff claims he was sexually harassed and subjected to unwanted sexual advances by Morris. To establish a prima facie showing of a hostile work environment under Title VII, a plaintiff must show that the offending conduct (1) was unwelcome, (2) was because of his sex, (3) was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive work environment, and (4) was imputable to his employer. *Ziskie v. Mineta*, 547 F.3d 220, 224 (4th Cir. 2008).

Plaintiff has failed to allege sufficient facts showing that the alleged harassment was because of his gender. Plaintiff's only specific allegations of "sexual advances" are that Morris aggressively pressed her breasts against him on "at least two separate occasions." [Entry #19 at 4]. Similarly, Plaintiff has failed to show that his work environment was not only subjectively hostile, but also objectively so. *See EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008). Such proof depends upon the totality of the circumstances, including "'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id.* (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)).

---

[3] Defendants also assert that any allegations of harassment by individuals other than Morris are not properly exhausted because they were not presented in Plaintiff's charge of discrimination. [Entry #27-2 at 9]. The allegations of harassment against Individual Defendants other than Morris are so vague that the undersigned cannot determine at this time whether these claims would have naturally arisen from the investigation of the charge. *Chacko v. Patuxent Institution*, 429 F.3d 505, 509 (4th Cir. 2005).

6

"[C]omplaints premised on nothing more than 'rude treatment by [coworkers],' *Baqir v. Principi*, 434 F.3d 733, 747 (4th Cir. 2006), 'callous behavior by [one's] superiors,' *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003), or 'a routine difference of opinion and personality conflict with [one's] supervisor,' *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 276 (4th Cir. 2000), are not actionable under Title VII." *Sunbelt Rentals*, 521 F.3d at 315–16.  "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Id.* (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)) (internal quotations omitted).

Plaintiff makes general allegations of verbal confrontations, harassment, and threats, but these conclusory allegations are also insufficient to show that the offending conduct was sufficiently severe and pervasive. Plaintiff also references the following specific incidents: (1) Griffin told him twice that he should watch himself; (2) Griffin and Morris tried to convince him to throw a house-warming party; (3) his car was vandalized in the parking lot by an unknown person; (4) Evans once yelled "Well go home then" at Plaintiff across the parking lot; and (5) Webster once "targeted" him about what he was wearing and said she was "sick and tired of it." [Entry #19 at 5].  These allegations do not does not rise to the level of an actionable claim for hostile work environment. "Workplaces are not always harmonious locales, and even incidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard." *Sunbelt Rentals*, 521 F.3d at 315. Because SCHAL follows the substantive structure of Title VII and cases interpreting the provisions of Title VII,

which are essentially identical to SCHAL, are to be given persuasive if not controlling authority, Plaintiff's allegations are also insufficient under SCHAL. *See Orr,* 290 S.E.2d at 806. Therefore, the undersigned recommends Plaintiff's sexual harassment claims under Title VII and SCHAL be dismissed.

### 3.    Retaliation Claims

Finally, Plaintiff asserts a claim of retaliation under Title VII. To state a prima facie case of Title VII retaliation, Plaintiff must show: (1) that he engaged in a protected activity; (2) that he suffered an adverse employment action at the hands of her employer; and (3) that his protected activity was the "but-for" cause of the adverse employment action. *Bryant v. Aiken Reg'l Med. Ctrs.*, 333 F.3d 536, 543 (4th Cir. 2003); *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013) (holding that plaintiff claiming retaliation must show that the protected activity was the but-for cause of adverse employment action). Assuming that Plaintiff has adequately pled that he engaged in protected activity by rejecting Morris' sexual advances and that his termination constituted an adverse employment action, he has failed to adequately allege the third element. Plaintiff's allegations do not demonstrate that, but for his rejection of Morris' sexual advances, he would not have been terminated.

Plaintiff alleges that Staples claimed the reason for his termination was related to an email that he sent to a customer that violated company policy, but that he believes the reason was pretext. [Entry #19 at 4]. Plaintiff also makes the following allegations regarding his termination:

> Cameron Dixon orchestrated my termination by 1) using misleading documents that he could show to Human Resources, 2) used deceptive

>practices in getting me to sign the termination documents, 3) provided me with no due process in the termination process 4) admitted in my unemployment benefits hearing that Managers, Supervisors and Associates use profanity daily.

*Id*. at 6. Such allegations are insufficient to show that Plaintiff was terminated because he rejected Morris' sexual advances. Plaintiff does not allege that Dixon knew of Plaintiff's alleged rejection of Morris' sexual advances. In addition, Plaintiff alleged that the verbal harassment he received from Evans and Webster was for "unknown and unprovoked" reasons. Even accepting all of Plaintiff's allegations as true, he has failed to set forth allegations sufficient for a reasonable fact-finder to conclude that, but for his rejection of Morris' alleged sexual advances, he would not have been terminated. Therefore, the undersigned recommends dismissal of Plaintiff's claims for retaliation under Title VII and SCHAL for failure to state a claim.

    C.    Plaintiff's Motion to Amend

Plaintiff seeks to file a third amended complaint. [Entry #37]. A review of the proposed third amended complaint reveals that the only changes from the second amended complaint are that he correctly names Staples and that he alleges he received a right to sue letter and filed this action within 90 days of the letter. *Id*. at 1, 2, and 5.

Rule 15(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The courts have interpreted Rule 15(a) in accord with that spirit. *Justice v. Pennzoil Co.*, 598 F.2d 1339, 1354 (4th Cir. 1979); *Frankel v. Kurtz*, 239 F. Supp. 713, 716 (D.S.C. 1965). A motion to amend should be denied only

9

when it would be prejudicial, there has been bad faith, or the amendment would be futile. *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001).

An amendment would be futile if the amended claim would fail to survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See e.g., United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). A plaintiff fails to state a viable claim pursuant to Fed. R. Civ. P. 12(b)(6) when the complaint does not contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Here, the factual allegations in Plaintiff's proposed third amended complaint [Entry #37] are virtually identical to the factual allegations of his second amended complaint [Entry #19]. Therefore, for the reasons discussed above that the second amended complaint fails to set forth a claim upon which relief may be granted, the third amended complaint would be futile. The undersigned recommends Plaintiff's motion to amend [Entry #37] be denied without prejudice.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendants' motion to dismiss [Entry #27] be granted and Plaintiff's motion to amend [Entry #37] be denied without prejudice. Fourth Circuit precedent constrains the undersigned to recommend that the dismissal of Plaintiff's claims be without prejudice with leave to file an amended complaint within 15 days of the district court's order on the motions. *See Ostrenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999) (recognizing that rather than dismiss a

defective pleading with prejudice, a plaintiff should "be given every opportunity to cure a formal defect in his pleading[,] . . . even though the court doubts that plaintiff will be able to overcome the defects"). If the district judge accepts this recommendation and Plaintiff fails to file an amended complaint within 15 days of the district court's order on the motion to dismiss, the undersigned recommends dismissing this action in its entirety with prejudice.

    IT IS SO RECOMMENDED.

*Shiva V. Hodges*

July 14, 2014  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).