IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kenneth Eric Dickey, | ) | Civil Action No.: 3:13-2842-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| Staples; *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On October 18, 2013, Plaintiff Kenneth Eric Dickey ("Plaintiff") filed this action against his former employer and several co-workers alleging claims of sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII") and the South Carolina Human Affairs Law, S.C. Code § 1-13-10, *et seq*. ("SCHAL"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this employment discrimination matter was referred to United States Magistrate Judge Shiva V. Hodges for consideration of pretrial matters. The Magistrate Judge prepared a thorough Report and Recommendation, (ECF No. 43), which recommends that Defendant Staples' Motion to Dismiss, (ECF No. 27), be granted, that Plaintiff's Motion to Amend, (ECF No. 37), be denied without prejudice and that Plaintiff's claims be dismissed without prejudice and with leave to file an amended complaint. Objections to the Report were due on July 31, 2014. On July 31, 2014, Plaintiff filed a document captioned "Plaintiff's Response to Report and Recommendation." (ECF No. 45). Although docketed as an "Objection," Plaintiff's Response does not set out specific objections to the Magistrate Judge's Report. Id.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has

no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and Plaintiff's Response to Report or "Objection." The Court has undertaken a *de novo* review, even though Plaintiff's "Objection" does not advance specific objections, or even object generally to the Magistrate Judge's Report. Instead, Plaintiff's filing amounts to a narrative re-telling of his perceptions of the circumstances surrounding his termination. (ECF No. 45). Plaintiff fails entirely to address the Magistrate Judge's central finding that Plaintiff has failed to set out sufficient factual material to adequately plead either his claim of sex-based hostile work environment discrimination or retaliation.

For the forgoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference. (ECF No. 43). Defendant Staples' Motion to Dismiss, (ECF No. 27), is **GRANTED**; Plaintiff's Motion to Amend, (ECF No. 37), is **DENIED** without prejudice; and Plaintiff's claims are **DISMISSED** without prejudice and with leave to file an amended complaint within 15 days of the entry of this Order. If Plaintiff fails to file

an amended complaint within the time period provided, the Clerk of Court is directed to dismiss this action with prejudice.

**IT IS SO ORDERED.**

<u>s/Mary G. Lewis</u>
United States District Judge

Spartanburg, South Carolina
August 6, 2014